IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       CV 16-0704 PJK/WPL
                                                        CR 11-3108 PJK

JEROME YAZZIE,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Jerome Yazzie filed, essentially, two petitions for relief pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015): a petition filed through counsel on June 24, 2016 (CV Doc. 1; CR Doc. 194)[1], and an apparently pro se petition that was docketed on June 30, 2016, but apparently placed in the prison mail system on June 22, 2016 (Doc. 3). After the Supreme Court's decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the parties agreed that Yazzie's only remaining claim revolves around the term "crime of violence" as used in 18 U.S.C. § 924(c). (Doc. 15.) Due to the parties' stipulation, I will not address any of the other claims Yazzie initially brought. Having reviewed the record and the applicable law, I recommend that the Court deny Yazzie's motion, dismiss this case with prejudice, and grant a Certificate of Appealability.

After a jury trial, Yazzie was convicted on five counts: Count 1, Aggravated Burglary in violation of 18 U.S.C. § 1153 and NMSA 1978 § 30-16-4(C); Count 2, Robbery in violation of 18 U.S.C. §§ 1153 and 2111; Count 3, Carrying, Using and Possessing a Firearm in Relation to a

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-704 PJK/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 11-3108 PJK. Documents filed in both cases are cited by reference to the corresponding document in the civil case.

Crime of Violence in violation of 18 U.S.C. § 924(c), in connection with the aggravated burglary and the robbery; Count 4, Kidnapping in violation of 18 U.S.C. §§ 1153 and 1201(a)(2); and Count 5, Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c), in connection with the kidnapping. (CR Doc. 153 (Amended Judgment).) Yazzie was sentenced to five years for the non § 924(c) counts, ten years for Count 3, and twenty-five years for Count 5, all to be served consecutively. (*Id.*) Yazzie received ten years for Count 3, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), because the jury explicitly found "beyond a reasonable doubt that [Yazzie] discharged the firearm while committing [robbery and aggravated burglary.]" (CR Doc. 130.) The jury also found that Yazzie "brandished the firearm while committing [kidnapping.]" (*Id.*) Yazzie received 25 years for Count 5 pursuant to 18 U.S.C. § 924(c)(1)(C)(i), because it was his second § 924(c) conviction.

Yazzie timely appealed, arguing that his sentence was incorrectly calculated and that Count 5 should have been considered the first § 924(c) conviction, which would have reduced his sentence by three years. *See United States v. Yazzie*, 559 F. App'x 667, 667-68 (10th Cir. 2014) (unpublished).

## DISCUSSION

The United States contends that Yazzie procedurally defaulted on his argument pursuant to 18 U.S.C. § 924(c) because his petition was submitted more than one year after *Johnson* was decided. Section 2255(f) of Title 28 provides the relevant temporal limitations on filing habeas corpus petitions. A 1-year period of limitations applies, and that time is calculated from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

> States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *Johnson* was decided on June 26, 2015, and Yazzie's pro se petition was stamped as received by the Court on June 30, 2016 (Doc. 195).

The United States's argument of procedural default fails for two reasons. First, this Court previously determined that Yazzie's pro se motion (Doc. 3) is a "supplement to [Yazzie's] initial § 2255 motion," which was filed on June 24, 2016. (Doc. 5.) Even if that determination is not dispositive of the matter, the United States ignored the prison mailbox rule. "[A] federal inmate's initial filing of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255" is "considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (citing *United States v. Gray*, 182 F.3d 762, 764, 765 n.4 (10th Cir. 1999)). On the last page of his petition, Yazzie certifies that he placed the pro se petition in the prison mailing system on June 22, 2015 (Doc. 3 at 12). I recommend that the Court conclude that Yazzie timely raised his claims challenging his convictions under 18 U.S.C. § 924(c).

Yazzie contends that he should be resentenced because the residual clause of § 924(c) is unconstitutionally vague as applied and because his predicate offenses—aggravated burglary, robbery, and kidnapping—are not categorically crimes of violence. (Doc. 17.) The United States disagrees.

Section 924(c)(1)(A) provides for enhanced penalties when a firearm is used "during and in relation to any crime of violence or drug trafficking crime." A "crime of violence" means

> an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Because I recommend that the Court find that *Johnson* did not invalidate § 924(c)(3)(B), the residual clause, I do not address whether Yazzie's predicate crimes qualify under the force clause of § 924(c)(3)(A).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court announced that *Johnson* would apply retroactively on collateral review in *Welch v. United States*, reasoning that *Johnson* announced a substantive new rule. 578 U.S. ---, ---, 136 S. Ct. 1257, 1264-65 (2016). The ACCA defines a "violent felony" as:

> [a]ny crime punishable by imprisonment for a term exceeding on year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Supreme Court struck down the latter half of subsection (ii), which reads "…otherwise involves conduct that presents a serious potential risk of physical injury to another."

Yazzie argues that *Johnson* should be extended to apply to § 924(c)(3)(B). The Supreme Court has not decided whether *Johnson* applies to invalidate § 924(c)'s residual clause. Indeed, the Court indicated in *Johnson* that its ruling did not place the language of statutory provisions like § 924(c)(3)(B) in constitutional doubt. *See Johnson*, 135 S. Ct. at 2561. The Tenth Circuit has not yet weighed in. However, the lower courts that have addressed the issue have divided on

how *Johnson* applies to § 924(c) and similar provisions. *Contrast United States v. Taylor*, 814 F.3d 340, 375-79 (4th Cir. 2016) (declining to find § 924(c) void for vagueness), *with United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (finding language similar to § 924(c) void for vagueness); *see also In re Smith*, --- F.3d ---, 2016 WL 3895243, at *2-3 (11th Cir. 2016) (noting the issue, but not deciding it in the context of an application for permission to file a second or successive motion pursuant to 28 U.S.C. § 2255).

Courts that have addressed the issue cite several grounds to distinguish the ACCA's residual clause from § 924(c)(3)(B). First, § 924(c)(3)(B)'s statutory language more narrowly defines "crime of violence" based on physical force rather than on physical injury. While the ACCA's residual clause requires conduct "that presents a serious potential risk of physical injury to another," § 924(c)(3)(B) requires the risk "that physical force against the person or property of another may be used in the course of committing the offense." By requiring that the risk of physical force arise "in the course of committing the offense," § 924(c)(3)(B)'s language mandates that the person who may potentially use physical force be the charged offender. *See Taylor*, 814 F.3d at 376-77.

Furthermore, § 924(c)(3)(B) requires that the felony be one which "by its nature" involves the risk that the offender will use physical force, unlike § 924(e)(2)(B). In *Johnson*, the Supreme Court was concerned with the wide judicial latitude that the language of the ACCA's residual clause permitted, which did not limit a court's inquiry to the elements of the crime. *See* 135 S. Ct. at 2557. By contrast, § 924(c)(3)(B) does not allow a court to consider risk-related conduct beyond the elements of the predicate crime. The phrase "by its nature" limits and restrains the court's analysis to the risk of force in the offense itself. *United States v. Amos*, 501 F.3d 524, 527 (6th Cir. 2007); *see Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004) (construing 18

U.S.C. § 16(b)); *United States v. Serafin*, 562 F.3d 1105, 1109, 1114 (10th Cir. 2009) (discussing § 924(c)(3)(B) in light of *Leocal*).

A second distinguishing ground is that the *Johnson* Court was concerned that the construction of the ACCA's enumerated crimes provision with the residual clause caused confusion and vagueness in the residual clause's application. *See* 135 S. Ct. at 2561. None of the Courts of Appeals have identified a similar concern with § 924(c)(3)(B). The ACCA uses the word "otherwise" to link the enumerated clause and the residual clause. *See Johnson*, 135 S. Ct. at 2558. By using the word "otherwise," the Supreme Court explained, "the residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes—burglary, arson, extortion, and crimes involving the use of explosives." *Id.* Gauging the level of risk required was difficult because the four listed crimes "are 'far from clear in respect to the degree of risk each poses.'" *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). Unlike the ACCA, § 924(c)(3)(B) does not link its "substantial risk" standard "to a confusing list of examples." *Id.* at 2561.

The *Johnson* Court addressed the fact that the ACCA residual clause requires the application of a categorical approach to analysis of the predicate crime, but refrained from invalidating the categorical analysis. *Id.* at 2557-58, 2561-62. The Court concluded that the ordinary case analysis and the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," and determined that the concern with the ACCA's residual clause was that it combined an overbroad version of the categorical approach with other vague elements. *Id.* at 2557. Section 924(c)(3)(B)'s residual clause does not raise the same analytical concerns when combined with the categorical approach. *See id.* at 2561.

Third, the Court reached its void-for-vagueness conclusion only after deciding a number of cases calling for interpretation of the ACCA's residual clause and recognizing the Court's "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause." *Id.* at 2558. By contrast, the Supreme Court has not had occasion to create such disparately precedential interpretations of § 924(c)(3)(B).

While neither the Supreme Court nor the Tenth Circuit have decided this precise use, I recommend that the Court not extend *Johnson*'s reasoning to § 924(c)(3)(B)'s residual clause. Based on this recommendation, it is unnecessary to determine whether Yazzie's predicate offenses come within the force clause rather than the residual clause.

I therefore recommend that the Court deny Yazzie's motion pursuant to 28 U.S.C. § 2255, dismiss this case with prejudice, and grant Yazzie a Certificate of Appealability.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.