IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JEROME YAZZIE,<br><br>          Petitioner,<br>vs.<br><br>UNITED STATES of AMERICA,<br><br>          Respondent. | No. 1:20-cv-00160-PJK-JHR<br>No. 1:11-cr-03108-PJK-JHR-1 |

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND OVERRULING IN PART THE PFRD (ECF No. 31 Civil) and GRANTING IN PART AND DENYING IN PART DEFENDANT'S § 2255 MOTION (ECF No. 18 Civil and No. 215 Criminal)**

THIS MATTER comes on for consideration of the United States' Objections to the Proposed Findings and Recommended Disposition filed March 26, 2021. ECF No. 34.[1] In accordance with 28 U.S.C. § 636(b)(1)(B), this case was referred to a magistrate judge who considered Jerome Yazzie's Motion Pursuant to 28 U.S.C. § 2255 to Vacate and Set Aside Judgement and For Resentencing. ECF Nos. 13, 18. In his Proposed Findings and Recommended Disposition (PFRD), the magistrate judge recommended that this court grant Mr. Yazzie's motion to vacate Counts 3 and 5 and that he be resentenced. United States v. Yazzie, No. 1:20-cv-00160-PJK-JHR, No. 1:11-cr-03108-PJK-JHR-1,

---

[1] Unless otherwise noted, ECF references are to the civil case.

2021 WL 765079, at *3 (D.N.M. Feb. 26, 2021) (ECF No. 31).  Reviewing the PFRD de novo, see Fed. R. Civ. P. 72(b)(3), this court adopts the PFRD as to Count 5 and overrules it as to Count 3.  Mr. Yazzie should be resentenced.

## Discussion

The parties are familiar with the facts, so the court need not restate them here.[2]  Suffice it to say that the Tenth Circuit granted Mr. Yazzie authorization to file a second or successive § 2255 motion challenging his 18 U.S.C. § 924(c) convictions (Counts 3 and 5) under United States v. Davis, 139 S. Ct. 2319 (2019).  In Davis, the Supreme Court held that § 924(c)(3)'s residual clause is unconstitutionally vague.  139 S. Ct. at 2336.  Mr. Yazzie argues that two of the predicate offenses named — aggravated burglary and kidnapping — could not serve as crimes of violence under the residual clause.  The government agrees that Count 5 should be vacated because kidnapping (Count 4) cannot serve as a predicate offense.  See United States v. Hopper, 723 F. App'x 645, 646 (10th Cir. 2018).  It also agrees that after vacating Count 5, the court should resentence Mr. Yazzie on the remaining counts of conviction.  See United States v. Easterling, 157 F.3d 1220, 1223–24 (10th Cir. 1998).

The government objects to vacating Mr. Yazzie's conviction on Count 3.  As predicate offenses, Count 3 relied upon aggravated burglary (Count 1) and robbery (Count 2).  The government argues that any instructional error on Count 3 regarding aggravated burglary was harmless because there was substantial evidence that Mr. Yazzie

---

[2] The magistrate judge provided a full background on Mr. Yazzie's charges and the basis for his § 2255 motion.  See Yazzie, 2021 WL 765079, at *1.

used a firearm during and in relation to the robbery (Count 2), which is a valid predicate for the § 924(c) conviction. This court agrees that Count 3 should not be vacated because any instructional error was harmless.

The magistrate judge did not consider harmless error in the PFRD, concluding that it was unnecessary because there "was no circumstance under which a conviction based on the invalid ground could be upheld." Yazzie, 2021 WL 765079, at *3. The magistrate judge relied upon United States v. Holly, 488 F.3d 1298 (10th Cir. 2007). However, in a subsequent decision, the Supreme Court stated that "various forms of instructional error are not structural but instead trial errors subject to harmless-error review." Hedgpeth v. Pulido, 555 U.S. 57, 60 (2008). This includes the instructional error in Mr. Yazzie's case where the jury was instructed on multiple theories of guilt, including one that was invalid. See id. at 60–61. Therefore, harmless-error review is appropriate for Count 3.

When reviewing for harmless error, this court asks whether, in light of the entire record, the instructional error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638 (1993) (citation omitted); see United States v. Dago, 441 F.3d 1238, 1246 (10th Cir. 2006) (applying the Brecht harmless-error standard to § 2255 cases). This occurs when there is "'grave doubt' about the effect of the error on the jury's verdict." Welch v. Workman, 639 F.3d 980, 992 (10th Cir. 2011). However, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Id. (quoting Brecht, 507 U.S. at 634).

3

After reviewing the record, this court determines that any instructional error was harmless as to the Count 3 conviction. The evidence presented at trial showed that Mr. Yazzie entered a house with a gun, fired the weapon, and pointed it at the people inside. See Tr. at 14–18, 57–59, United States v. Yazzie, No. 1:11-cr-03108-PJK-JHR-1 (ECF No. 141); Tr. at 44–53 (ECF No. 142). Mr. Yazzie and his partners then tied up the victims and took various items from the house and a victim's pocket. See Tr. at 15, 17–18 (ECF No. 141); Tr. at 54 (ECF No. 142). Testimony also established that Mr. Yazzie was holding the gun the entire time. See Tr. at 15, 17, 19–22 (ECF No. 141); Tr. at 49 (ECF No. 142). This evidence was the basis for the aggravated burglary conviction (Count 1), robbery conviction (Count 2), and § 924(c) conviction (Count 3), because all three crimes occurred during a single course of events. As a result, Mr. Yazzie "used or carried" the gun "during and in relation to" the robbery — that is, the valid predicate for his § 924(c) conviction.

Mr. Yazzie argues that the jury's inconsistent verdicts require the court to conclude the error was not harmless. The alleged inconsistency is due to the jury (1) finding Mr. Yazzie not guilty on a felon-in-possession charge (Count 6) despite stipulations to the interstate-nexus and felon-status elements, and (2) finding that Mr. Yazzie "was armed with a firearm" based on an element for Count 1, and that he discharged a fireman based on the special verdict for Count 3. See Yazzie, No. 1:11-cr-03108-PJK-JHR-1 (ECF Nos. 127, 130). Mr. Yazzie believes that this inconsistency means the court cannot find harmless error because it is "*impossible to know* what the jury decided." Resp. at 5–6 (ECF No. 37) (emphasis in original). But when conducting

4

harmless-error review, this court is not tasked with determining precisely what path Mr. Yazzie's jury took. Rather, the inquiry concerns whether a rational jury would have found Mr. Yazzie guilty beyond a reasonable doubt on Count 3. See United States v. Cristerna-Gonzalez, 962 F.3d 1253, 1267–68 (10th Cir. 2020). This is an objective inquiry independent from the specific jury in the case. Id. As discussed, the evidence supporting a conviction based on the robbery was overwhelming.

Moreover, the arguably inconsistent verdicts do not necessarily mean the jury was "not convinced of [Mr. Yazzie's] guilt." United States v. Irvin, 682 F.3d 1254, 1271 (10th Cir. 2012) (citation omitted). The jury may have reached its verdicts for any number of reasons, including "mistake, compromise, or lenity." Bravo-Fernandez v. United States, 137 S. Ct. 352, 360 (2016) (citation omitted). Thus, this court will not speculate about what the jury was thinking, especially considering the Count 3 instructional error had no apparent connection to the jury's decision to acquit on Count 6. Nor would this court's decision somehow nullify the acquittal on Count 6 because he would continue to be acquitted of Count 6. See United States v. Powell, 469 U.S. 57, 69 (1984).

Finally, Mr. Yazzie relies on an Eleventh Circuit decision to argue that finding harmless error in this case would be the result of judicial factfinding in violation of Alleyne v. United States, 570 U.S. 99 (2013). See In re Gomez, 830 F.3d 1225 (11th Cir. 2016). This argument is unavailing because analyzing the record under harmless-error review is not "factfinding" as described in Alleyne. Indeed, after Alleyne was decided courts still review the record when considering the effect of an error. See, e.g., United

5

States v. Mann, 786 F.3d 1244, 1252 (10th Cir. 2015).  Even the Eleventh Circuit decision Mr. Yazzie relied on "left open the possibility that the district court would apply Brecht on the merits."  Granda v. United States, 990 F.3d 1272, 1296 (11th Cir. 2021).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) The United States' Objections to the Proposed Findings and Recommended Disposition filed March 26, 2021 (ECF No. 34) are sustained.

(2) The Proposed Findings and Recommended Disposition of the magistrate judge filed February 26, 2021 (ECF No. 31) is adopted as to Count 5 and overruled as to Count 3.

(3) Defendant Jerome Yazzie's Motion Pursuant to 28 U.S.C. § 2255 to Vacate and Set Aside Judgment and For Re-sentencing (ECF No. 18, No. 1:20-cv-00160-PJK-JHR; ECF No. 215, No. 1:11-cr-03108-PJK-JHR-1) is granted as to Count 5 and denied as to Count 3.  At resentencing, the court will vacate the conviction on Count 5.

DATED this <u>11th</u> day of May 2021 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Fred Federici, Acting United States Attorney, and Frederick Mendenhall, Assistant United States Attorney, Albuquerque, New Mexico for Plaintiff-Respondent.

Gregory Acton, Acton Law Office, P.C., Albuquerque, New Mexico, for Defendant-Petitioner.